United States District Court
Southern District of Texas

**ENTERED**

July 29, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LADORTHY BURLESON, | § | |
| SPN # 02182614, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-1376 |
| | § | |
| ARTIS RAY BURLESON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff LaDorthy Burleson, an inmate in the Harris County Jail, proceeds *in forma pauperis* in this civil-rights suit. Because this case is governed by the Prisoner Litigation Reform Act (PLRA), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for the reasons explained below.

## I.    BACKGROUND

Burleson brings claims against Artis Ray Burleson, who is her uncle, and Carrie Gibbs. She alleges that Artis Burleson has land in Bryan, Texas, that is rightfully hers but that he "does not want to hand over" the land to her (Dkt. 1, at 3). She alleges that Carrie Gibbs had been instructed by a will to "hand over" the land to Burleson and her sister, but that instead Gibbs "passed [the land] over" to Artis Burleson (*id*. at 4). She also claims

that Gibbs stole $50,000 from Burleson and her sister (*id*.). She states that she learned about these incidents in December 2022.

## II.      THE PLRA AND PRO SE PLEADINGS

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact.  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).  A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up).  It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal for failure to state a claim is governed by the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002).  Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*.  Complaints filed by *pro se* litigants are entitled to a liberal construction and,

"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).  Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 .  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

## III.    **DISCUSSION**

Burleson brings her claims against Artis Burleson and Gibbs under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person "acting under color of state law," such as a prison official, for a constitutional violation.  *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). However, she does not plead facts that could show that either defendant was a state official or was otherwise acting "under color of law" when they allegedly violated her rights.  Her claims under 42 U.S.C. § 1983 therefore must be dismissed for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Additionally, to the extent Burleson's complaint could be construed to bring a breach of contract claim or other claim based on Texas law, the Court would lack subject

matter jurisdiction.  *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) ("Federal courts are courts of limited jurisdiction") (cleaned up). Contracts claims are governed by state law and, therefore, the claim would not confer "federal question" jurisdiction under 28 U.S.C. § 1331.  Moreover, "diversity jurisdiction" under 28 U.S.C. § 1332 is absent because Burleson is a resident of Texas and pleads that both defendants reside in Texas.  *See* Dkt. 1, at 3; *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) ("for diversity jurisdiction to exist under 28 U.S.C. § 1332, all persons on one side of the controversy must be citizens of different states than all persons on the other side") (cleaned up).  Therefore, any claim based on Texas law would be dismissed for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).  Burleson may, if appropriate, pursue her claims in state court.

## IV.    CONCLUSION

For the reasons stated above, the Court **ORDERS** that the complaint (Dkt. 1) filed by Burleson is **DISMISSED** under 28 U.S.C. §1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  All pending motions, if any, are **DENIED** as moot.

**The Clerk will provide a copy of this order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov**.

SIGNED at Houston, Texas, on _____July 29_____, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE